PER CURIAM.
Plaintiff subrogee, Birmingham Fire Insurance Company of Pennsylvania, appeals a summary final judgment for defendant, Allstate Insurance Company, in this negligence action.
Golden Glades Building Corporation which was insured by appellant Birmingham had engaged Moss Plumbing Company as a plumbing subcontractor for several buildings it was constructing in Dade County. Effective May 15, 1972 appellee Allstate had issued a liability insurance policy covering Moss Plumbing. As required by ordinance, the policy provided a certificate of insurance to Metropolitan Dade County which contained the following pertinent provision:
“It is agreed that cancellation of this policy shall not be effective as to the interest of the principal[1] hereinafter named until thirty days notice of cancellation has been sent by certified mail to: Metropolitan Dade County, Florida.”
On December 8, 1972 Allstate mailed a notice of cancellation effective January 10, 1973 to Moss Plumbing for non-payment of the premium; but notice of the cancellation was not sent to Dade County. On April 16, 1973 Harrison Mealing, an employee of Moss Plumbing, was installing a hot water heater in one of the buildings under construction when a fire erupted allegedly as a result of his negligent operation of a soldering torch. As a result Golden Glades suffered a $10,192.94 property loss. Birmingham paid Golden Glades for the loss and then Birmingham, as subrogee, filed the instant action against Moss Plumbing, Mealing and Allstate. Allstate answered and moved for summary judgment on the ground its policy with Moss Plumbing was cancelled as of January 10, 1973. After a hearing, summary judgment was entered.
Birmingham appeals and contends the policy was still in effect because Dade County was not given the 30-day cancellation notice as required by the provision set out above.
From a reading of this provision, it is clear that the policy is in effect as to *648 the interest of Dade County as the named principal. Appellant, in essence, is arguing that it is covered under the Allstate policy as a third-party beneficiary. As such, its rights are no greater than that of the insured, Moss Plumbing. See Shingleton v. Bussey, 223 So.2d 713, 715 (Fla.1969). The policy was effectively cancelled as to Moss Plumbing and, therefore, appellant Birmingham was not covered under Allstate’s policy on April 16, 1973.
Summary judgment affirmed.

. Dade County.